# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-658V
Filed: April 29, 2025

```
*  *  *  *  *  *  *  *  *  *  *  *  *
JOHN BERCHIELLI,                      *
                                      *
            Petitioner,               *
                                      *
                                      *
v.                                    *
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Elizabeth Abramson, Esq.*, MCTLaw, Washington, DC, for petitioner.
*Mallori Openchowski, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On May 18, 2017, John Berchielli ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barré Syndrome ("GBS") after receiving a tetanus-diphtheria-acellular pertussis ("Tdap") on June 2, 2015. Stipulation, filed April 29, 2025, at ¶¶ 1-4. Respondent denies that the Tdap caused petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On April 29, 2025, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms. Respondent agrees to issue the following payment:

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

a. **A lump sum of $97,000.00,** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

b. **A lump sum of $20,819.88,** representing reimbursement of a Medicaid lien for services rendered to petitioner by the State of California, in the form of a check payable jointly to petitioner, and the California Department of Health Care Services:

> Department of Health Care Services
> Third Party Liability and Recovery Section, MS 4720
> P.O. Box 997425
> Sacramento, CA 95899-7425

This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

JOHN BERCHIELLI,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 17-658V
Special Master Roth

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, John Berchielli, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the tetanus-diphtheria acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a Tdap vaccine on or about June 2, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the Tdap immunization he received on or about June 2, 2015, caused him to develop Guillain-Barre Syndrome ("GBS") and further alleges that he suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the Tdap vaccine caused petitioner's alleged GBS or any other injury, and further denies that his current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of **$97,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

    b. A lump sum of **$20,819.88,**[1] representing reimbursement of a Medicaid lien for services rendered to petitioner by the State of California, in the form of a check payable jointly to petitioner, and the California Department of Health Care Services:

> Department of Health Care Services
> Third Party Liability and Recovery Section, MS 4720
> P.O. Box 997425
> Sacramento, CA 95899-7425

Petitioner agrees to endorse this check to the Department of Health Care Services. These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of California may have against any individual as a result of any Medicaid payments the MediCal Program has made to or on behalf of John Berchielli, as a result of his alleged vaccine-related injury suffered on or about June 12, 2015, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or

unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on or about June 2, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about May 18, 2017, in the United States Court of Federal Claims as petition No. 17-658V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged GBS or any other injury or any of his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*John Berchiell*

JOHN BERCHIELLI

**ATTORNEY OF RECORD FOR PETITIONER:**

_____ for

ELIZABETH K. ABRAMSON
Mctlaw
1015 15th St NW
Suite 1125
Washington, D.C.   20005
(888) 952-5242
eabramson@mctlaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S16

Digitally signed by George R. Grimes -S16
Date: 2025.03.31 10:46:08 -04'00'

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____

MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
 P.O. Box 146
 Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:    (202) 305-0660
mallori.b.openchowski@usdoj.gov

Dated:  **04/29/2025**